1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11  MARK MACIAS,                    | Case No. 2:24-cv-07853-FLA (Ex)
12              Plaintiff,          |
                                    | **ORDER TO SHOW CAUSE RE**
13         v.                       | **PLAINTIFF'S COUNSEL'S STATE**
                                    | **BAR SUSPENSION**
14
15  OPTIV SECURITY INC., *et al.*,
                Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1   On October 15, 2025, it came to the court's attention that Plaintiff Mark
2   Macias's counsel, Douglas Foster Galanter (SBN 93740, "Galanter"), was suspended
3   from the practice of law in California on July 1, 2025 (suspension for failure to pay
4   fees) and "[d]iscipline[d] [with] actual suspension" on October 3, 2025 (as listed on
5   the California State Bar website).[1]  This court's rules require admission to the Bar of
6   this Court or permission to practice before it.  Local Rule ("L.R.") 83-2.1.1.3; *see also*
7   L.R. 83-2.1.2.1 ("Admission to and continuing membership in the Bar of this Court
8   are limited to persons of good moral character who are active members in good
9   standing of the State Bar of California.  If an attorney admitted to the Bar of this Court
10  ceases to meet these criteria, the attorney will be subject to the disciplinary rules of the
11  Court ....").

12  Galanter has not notified this court regarding his suspension.  *See* L.R. 83-3.2
13  ("Upon receipt of reliable information that a member of the Bar of this Court … has
14  been suspended or disbarred from the practice of law … this Court shall issue an
15  Order to Show Cause why an order of suspension or disbarment should not be
16  imposed by this Court."); L.R. 83-3.3 ("Any attorney previously admitted to the Bar
17  of this Court who no longer is enrolled as an active member of the Bar, Supreme
18  Court, or other governing authority of any State … shall not practice before this
19  Court.").  Although Galanter was suspended effective July 1, 2025, he filed on August
20  4, 2025, a declaration ("Declaration") stating he was "an attorney, duly licensed to
21  practice in California" and was "a member of the bar of this court."  Dkt. 36 at 5.
22  Galanter made the Declaration under penalty of perjury.  *Id.* at 6.
23  / / /
24  / / /
25  / / /

---

[1] The State Bar of California, available at https://apps.calbar.ca.gov/attorney/Licensee/Detail/93740.

2

Accordingly, Galanter is HEREBY ORDERED TO SHOW CAUSE, in writing, within thirty (30) days of the date of this Order:

1. Why he should not be suspended from the practice of law before this Court, pursuant to Local Rule 83-3.2 *et seq.*
2. Why the Clerk of the Court should not report him to the California State Bar for the unlicensed practice of law.
3. Why the court should not sanction him for his failure to report his suspension, his unlicensed practice of law before the court, and the misrepresentation in his Declaration.

A response to this Order must make the showing required in Local Rule 83-3.2 *et seq.* In addition, at the time the response is filed, Galanter is ORDERED to produce a certified copy of the entire record regarding his suspension(s) from the California Bar and any other jurisdiction, or bear the burden of persuading the court that less than the entire record will suffice. *See* Local Rule 83-3.2.3. Galanter's response shall be limited to ten (10) pages in length, excluding the record of his suspension.

If Galanter does not contest the imposition of a suspension from this court or does not contest this Order within the time specified, the court shall issue an order of suspension. Failure to file a timely response to this Order may result in the action being dismissed for lack of prosecution and for failure to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962)).

IT IS SO ORDERED.

Dated: October 20, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge